IN THE CIRCUIT COURT OF THE FIFTHTEENTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

JUANITA GIAKOUMAKIS,
SHANA HAWKINS, PATRICIA HOLIAN,
JILL MARTIN, LYNETTE SAETTELE,

        Plaintiffs,                                CASE NO.: 08-4738-CAB

vs.

MARONDA HOMES, INC. OF FLORIDA,
        Defendant.
_____/

### FIRST AMENDED COMPLAINT

COMES NOW, Plaintiffs, JUANITA GIAKOUMAKIS, SHANA HAWKINS, PATRICIA

HOLIAN, JILL MARTIN, and LYNETTE SAETTELE, by and through her undersigned counsel and

sues the Defendant, MARONDA HOMES, INC. OF FLORIDA, hereafter referred to as

[MARONDA HOMES] and states as follows:

### JURISDICTION AND VENUE

1.      This is also an action for damages brought pursuant to the Age Discrimination in

Employment Act, 29 U.S.C. § 621, et. seq. (hereinafter "ADEA"), Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992,

as amended, Chapter 760, *Fla. Stat.* ("FCRA") to correct unlawful employment practices and to

make whole JUANITA GIAKOUMAKIS, SHANA HAWKINS, PATRICIA HOLIAN, JILL

MARTIN, and LYNETTE SAETTELE hereafter collectively referred to as [Plaintiffs].

2.       This is an action for damages in excess of $15,000.00.

3.       Venue lies within Marion County because a substantial part of the events giving rise to this claim arose in this Judicial District.

4.       At all times material hereto, Defendant MARONDA HOMES was and continues to be a corporation organized under the laws of the State of Florida, doing business in Marion County, Florida.

5.       At all times relevant to this Complaint, Defendant MARONDA HOMES has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 701(b), (g) and (h) of Title VII, 42 USC §§2000e(b), (g) and (h).

6.       At all times relevant to the allegations in this Complaint, JUANITA GIAKOUMAKIS [GIAKOUMAKIS] was a resident of Marion County, Florida.

7.       At all times relevant to the allegations in this Complaint, SHANA HAWKINS [HAWKINS] was a resident of Marion County, Florida.

8.       At all times relevant to the allegations in this Complaint, PATRICIA HOLIAN [HOLIAN] has a residence in Marion County, Florida but resided in Citrus County.

9.       At all times relevant to the allegations in this Complaint, JILL MARTIN [MARTIN] was a resident of Marion County, Florida.

10.       At all times relevant to the allegations in this Complaint, LYNETTE SAETTELE [SAETTELE] was a resident of Marion County, Florida.

## ADMINISTRATIVE PREREQUISITES

11.       All conditions precedent to bringing this action have occurred.

12.       Plaintiff GIAKOUMAKIS timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations

13.   Plaintiff HOLLAN timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit "A."

14.   Plaintiff SAETTELE timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit "B."

15.   Plaintiff HAWKINS timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit "C."

16.   Plaintiff MARTIN timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit "D."

17.   A notification of Right to Sue dated June 17, 2008 was received by each Plaintiff from the EEOC. This Complaint has been filed within ninety (90) days of receipt thereof. (See Exhibits F-I.)

18.   More than 180 days have passed since the filing of this charge.

19.   Defendant, MARONDA HOMES, is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

20.   Plaintiff GIAKOUMAKIS is a woman who was born on May 31, 1946.

21.   Plaintiff HOLLAN is a woman who was born on April 10, 1946.

22.   Plaintiff SAETTELE is a woman who was born on December 8, 1956.

23.     Plaintiff HAWKINS is a woman who was born on December 31, 1970.

24.     Plaintiff MARTIN is a woman who was born on August 31, 1968.

25.     Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE are persons protected from age discrimination by the Florida Civil Rights Act's age discrimination prohibition.

26.     Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE are persons protected from sex discrimination by the Florida Civil Rights Act's sex discrimination prohibition.

27.     Defendant is an employer as that term is defined by §760.20, Florida Statutes.

## GENERAL ALLEGATIONS

28.     At all times material, Defendant, MARONDA HOMES, acted with malice and with reckless disregard for Plaintiffs' Federal and State protected rights.

29.     At all times material, Plaintiffs were qualified to perform their job duties within the legitimate expectations of their employer.

30.     At all material times, each Plaintiff performed her job with Defendant in a satisfactory or highly satisfactory fashion.

31.     Plaintiffs have been required to retain the law firm of RIGGINS LAW FIRM, P.A., to represent GIAKOUMAKIS, HAWKINS, HOLIAN, MARTIN and SAETTELE in the litigation and have agreed to pay the firm a reasonable fee for its services.

32.     Plaintiffs request a jury trial for all issues so triable.

## FACTS

33.     Plaintiff GIAKOUMAKIS was hired by MARONDA HOMES beginning in approximately March 2004.

4 | P a g e

34.     Plaintiff HAWKINS was hired by MARONDA HOMES beginning in approximately October 2003.

35.     Plaintiff HOLIAN was hired by MARONDA HOMES beginning in May 2003.

36.     Plaintiff MARTIN was hired by MARONDA HOMES beginning in approximately January 2006.

37.     Plaintiff SAETTELE was hired by MARONDA HOMES beginning in April 2004.

38.     Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE were hired by MARONDA HOMES to work as New Home Consultants and are licensed real estate agents.

39.     During their employment with MARONDA HOMES, Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE each were top performers for MARONDA HOMES.

40.     Plaintiff HAWKINS was employed by MARONDA HOMES as a project manager/production manager.

41.     Plaintiff MARTIN was employed by MARONDA HOMES as a customer service administrator.

42.     In or around May 2006, Harry Williams, the Division Manager of Maronda Homes in Ocala, Florida resigned from his position with MARONDA HOMES.

43.     After Mr. Williams' resignation, he was replaced by Chad Johannensen.

44.     As an agent of MARONDA HOMES, Mr. Chad Johannesen took the position as Division Manger of Maronda Homes in Ocala, Florida and became one of the immediate supervisors of the Plaintiffs'.

45.    Also during this time, Arthur Klawitter, MARONDA HOMES's Vice President of Construction Ocala Division, was one of the Plaintiff HAWKINS' immediate supervisors.

46.    Prior to Chad Johannesen becoming Plaintiffs' supervisor, Plaintiffs each received no verbal or written reprimands.

47.    Soon thereafter Chad Johannesen became Plaintiffs' supervisor, GIAKOUMAKIS, HOLIAN, and SAETTELE were warned by other Maronda Homes associates and employees that they were being targeted and that management and Chad Johannesen were planning on getting rid of "older agents" and wanted only young girls selling the homes.

48.    In the following weeks, Chad Johannesen started hiring and/or utilizing unqualified and/or unlicensed younger than 40 years-of-age women to show and sell the homes.

49.    Starting in May 2006, Chad Johannesen expressed to employees and associates of Maronda Homes that he intended to terminate GIAKOUMAKIS and referred to her as an "old bitch."

50.    Starting in May 2006, Chad Johannesen expressed to employees and associates of Maronda Homes that he intended to terminate SAETTELE and referred to her as an "old bitch."

51.    Starting in May 2006, Chad Johannesen expressed to employees and associates of Maronda Homes that he intended to terminate HOLIAN and referred to her as an "old bag."

52.    Starting in May 2006, Chad Johannesen expressed to employees and associates of Maronda Homes that he intended to terminate HOLIAN and referred to her as an "old dame."

53.    Thereafter MARONDA HOMES, by and through its agent and supervisors, started creating a hostile work environment , negatively affecting the work performance, and discriminating against Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE based on their

age by such acts and harassment but not limited to:

- a.   Supervisor Chad Johannesen repeatedly announcing to MARONDA HOMES employees and associates that he was going to terminate Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE  or force them to quit;

- b.   MARONDA HOMES's management repeatedly making age-related comments and references about Plaintiffs GIAKOUMAKIS, HOLIAN, and/or SAETTELE  like "old," "older," "old ass," "old bitch," "give the old annoying bitch the axe," "Harry's girls,"  "old bags," "old dames," "should fire all those old dames and replace them with young hotties," "geriatric crew," "blue hairs," "crusty old bitches," and "old ass should be fired";

- c.   Disciplining Plaintiffs GIAKOUMAKIS, HOLIAN, and/or SAETTELE with verbal and written reprimands without legitimate cause while not reprimanding the younger employees who actually violated policies;

- d.   Chad Johannesen disrespecting HOLIAN  by flipping up his middle finger at her during a weekly staff meeting;

- e.   Improperly changing contracts so that Plaintiff GIAKOUMAKIS would not receive her commissions;

- f.   Chad Johannesen directly stating that Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE  would never earn the salaries/commissions that they did in the past as long as he was the division manager;

g.   Changing their work locations/communities to communities with less
traffic to reduce their opportunity to earns commissions; and/or

h.   Assigning a younger salesperson or trainee to the same work
location/community to reduce the opportunity to earn commissions.

54.   MARONDA HOMES had notice of the harassment and the age discrimination
through complaints from Plaintiffs and other employees on their behalf.

· 55.   MARONDA HOMES, by and through the acts of its agents and management,
created a hostile work environment which forced Plaintiffs GIAKNOWMAKIS, HOLIAN , and
SAETTLE  to be constructively discharged from their employment.

56.   GIAKOUMAKIS made a complaint about Chad Johannesen and his
discriminatory behavior to Barry Sullivan, the Sales Director and Broker for MARONDA
HOMES.

57.   MARONDA HOMES failed to take any appropriate actions to correct the
discrimination following GIAKOUMAKIS' complaint.

58.   Approximately two (2) weeks after GIAKOUMAKIS' complaint, Chad
Johannesen expressed to employees and/or associates of MARONDA HOMES that he intended
to terminate GIAKOUMAKIS publically during that day's meeting.

59.   GIAKOUMAKIS was warned by employees of Chad Johannesen's intention to
terminate her publically on June 28, 2006.

60.   Therefore, GIAKOUMAKIS was constructively terminated effective June 28,
2006 from her job due the acts of MARONDA HOMES' agent Chad Johannesen which forced
her to resign prior to the meeting.

61.    On or around January 8, 2007, Chad Johannasen inappropriately communicated to HOLIAN in a sales meeting by replying to her with his solely middle finger raised.

62.    HOLIAN reported this incident to Barry Sullivan.

63.    MARONDA HOMES failed to take any appropriate actions to correct the discrimination following HOLIAN complaint.

64.    Due to the increase of the hostility at work from that point forward, HOLIAN was forced to resign from her position on January 19, 2007 creating a constructive discharge.

65.    Around August 2006, Plaintiff SAETTELE started making complaints to Barry Sullivan about Chad Johannesen threatening to fire her due to her age.

66.    MARONDA HOMES failed to take any appropriate actions to correct the discrimination following SAETTELE complaint.

67.    Due to the increase of the hostility at work from the age and sexual discrimination/harassment, SAETTLELE was forced to resign from her position on October 18, 2006 creating a constructive discharge.

68.    Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE and other female employees with MARONDA HOMES in Ocala were personally subjected to and/or personally witnessed ongoing sex discrimination and sexual harassment by MARONDA HOMES' supervisors and agents toward MARONDA HOMES's female employees including:

      a.    Arthur Klawitter asking three of MARONDA HOMES superintendants if they would perform oral sex on MARTIN's "nasty pussy" for one million dollars,

      b.    Arthur Klawitter would grab his penis during weekly production meetings,

      c.    Arthur Klawitter would shake his penis in front of HAWKINS during weekly production meetings,

d.      Arthur Klawitter expressed the need for sexual relations to HAWKINS in order to keep her job/position or get a promotion,

e.      Arthur Klawitter expressed to HAWKINS that she would never be promoted because she did not have a "dick" [referring to a penis],

f.      Arthur Klawitter would tell female employees that they wanted some of his "dick" [referring to his penis],

g.      allowing nude pictures of a female's pierced clitoris and nipples be circulated around the office,

h.      Arthur Klawitter would announce in the office "I would love to get some of that ass" referring to having sex with a female employee,

i.      Arthur Klawitter would announce in the office "I would love to bend her over my desk" referring to having sex with a female employee,

j.      Arthur Klawitter would announce in the office or in meetings that HOLIAN was a "dirty old whore", "a mean old bitch," "a fucking old cunt, "and "a God damn old pain in the ass,"

k.      Arthur Klawitter would announce in the office or in meetings that HOLIAN had to or must be performing oral sex to keep her job and to sell homes,

l.      Arthur Klawitter would announce in the office that MARTIN was a "fat nasty skank", "Boston Bitch," and "Street Whore,"

m.      Chad Johannesen would refer to Plaintiff HOLIAN as "that old bitch" while stating that he was going to terminated her,

n.      Chad Johannesen, during a meeting, continued to use the word "pussy" in front of MARTIN even though she informed him that she was offended,

o.      Chad Johannesen then intentionally used the word "pussy" at least 10 times more to MARTIN during a conversation,

p.      referring to female employees as "whores"

q.      referring to female employees as "bitches",

r.      referring to female employees as "sluts",

s.      referring to female employees as "cunts",

t.      Chad Johannesen would refer to Plaintiff SAETTELE as "Hummer

Lynnie" while making jesters as to performing oral sex,

u.      Chad Johannesen would refer to Plaintiff SAETTELE as a "good fuck 20

years ago" while referring to possible sexual relations with her,

v.      Chad Johannesen described female employee's breast as "big tits"·or "big

fucking fake tits" in the office.

69.    Chad Johannesen and Arthur Klawitter included age- related derogatory remarks during the weekly staff meetings or during office communications which created a hostile work environment.

70.    Chad Johannesen and Arthur Klawitter included sexual innuendoes, gestures, and remarks during the weekly staff meetings or during office communications which created a hostile work environment.

71.    MARTIN made a complaint at Arthur Klawitter regarding the hostile work environment due to the excessive and inappropriate use of the word "pussy" by Chad Johannesen during a weekly meeting.

72.    After MARTIN made her complaint, she was confronted by MARONDA HOMES management which was led by Chad Johannesen. During this meeting, MARTIN was reprimanded for her actions and reminded MARTIN of her position, limits, and that she was not to question management.

73.    During this meeting, Chad Johannesen used the word "pussy" at least 10 times

explaining to MARTIN that the use of the word "pussy" is not sexual harassment.

74.    MARONDA HOMES failed to take any appropriate actions to correct the discrimination, the harassment, and retaliation following MARTIN's complaint.

75.    MARTIN was terminated on October 26, 2006 due to her complaints about the sexual harassment and hostile work environment.

76.    HAWKINS made a complaint to Chad Johannesen about the sexual hostile work environment caused by the acts and words of Arthur Klawitter during weekly production meetings and in the office.

77.    MARONDA HOMES failed to take any appropriate actions to correct the discrimination, the harassment, and retaliation following HAWKINS' complaint.

78.    Due to the increase of the hostility at work from the sexual discrimination/harassment, HAWKINS was forced to resign from her position but was terminated on or around January 15, 2007.

79.    HOLIAN made a complaint to MARONDA HOMES about the sexual and age discrimination and hostile work environment caused by the acts and words of Chad Johannesen, Arthur Klawitter and other agents of MARONDA HOMES.

80.    MARONDA HOMES failed to take any appropriate actions to correct the discrimination, the harassment, and retaliation following HOLIAN's complaint.

81.    After complaints of age and sex discrimination were made by the Plaintiffs and other MARONDA HOMES employees, Chad Johannesen ordered the Plaintiffs and other employee not to contact or to complain to corporate office of MARONDA HOMES again.

## COUNT ONE
## AGE DISCRIMINATION UNDER THE AGE
## DISCRIMINATION IN EMPLOYMENT ACT

82.    Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE reincorporate paragraphs

1 through 81 as fully as if realleged herein.

83.    Defendant MARONDA HOMES discriminated against Plaintiffs

GIAKOUMAKIS, HOLIAN, and SAETTELE by unwanted harassment and targeting them for

discharge basis of their age which resulted in constructive discharges and termination of

Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE on the basis of each Plaintiff's age.

84.    In discriminating against Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE

on the basis of age, Defendant MARONDA HOMES acted with malice or reckless disregard for

each Plaintiff's protected rights.

85.    Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE were replaced by younger

individuals after they were all constructively discharged.

86.    As a direct and proximate result of Defendant's violation of the Age

Discrimination in Employment Act, Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE

have suffered lost wages and benefits, severe emotional distress, emotional pain, suffering,

inconvenience, mental anguish and non-pecuniary losses.

WHEREFORE, Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE respectfully

requests a jury trial on all issues and relief as follows:

      a.    Compensation for all compensatory damages allowed by law;

      b.    Punitive damages as allowed by law;

      c.    Payment for future lost wages and damages;

d.      An award of reasonable attorney's fees and costs;

e.      Interest; and

f.      Such other additional equitable and legal relief as may be just and proper.

## COUNT TWO
## AGE DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT

87.     Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE reincorporate paragraphs 1 through 81 as fully as if realleged herein.

88.     Defendant MARONDA HOMES discriminated against Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE by subjecting them to unwanted harassment and targeting them for discharge basis of their age which resulted in constructive discharges and termination for Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE.

89.     Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE were replaced by younger individuals after they were all constructively discharged.

90.     In discriminating against GIAKOUMAKIS, HOLIAN, and SAETTELE on the basis of age, Defendant acted with malice or reckless disregard for their protected rights.

91.     As a direct and proximate result of Defendant's violation of the Florida Civil Rights Act, GIAKOUMAKIS, HOLIAN, and SAETTELE have each suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

92.     WHEREFORE, Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE respectfully request a jury trial on all issues and relief as follows:

g.      Compensation for all compensatory damages allowed by law:

h.  Compensation for punitive damages allowed by law;

i.  Payment for future lost wages and damages;

j.  An award of reasonable attorney's fees and costs;

k.  Interest; and

l.  Such other additional equitable and legal relief as may be just and proper.

## COUNT THREE
## TITLE VII DISCRIMINATION AND HARASSMENT BASED ON SEX

93.  Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE reincorporate paragraphs 1 through 81 as fully as if realleged herein.

94.  Defendant MARONDA HOMES engaged in unlawful employment practices in violation of Title VII.

95.  The unlawful acts and employment practices complained of above were done with intent, malice and with reckless indifference to the rights of Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE.

96.  At all times relevant to this Complaint Chad Johannesen and Arthur Klawitter acted as MARONDA HOMES's alter ego.

97.  MARONDA HOMES, by and through, Chad Johannesen and Arthur Klawitter Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE to an intimidating and hostile work environment permeated with sexual favoritism toward female employees who succumbed to sexual advances.

98.  MARONDA HOMES, by and through, Chad Johannesen and Arthur Klawitter subjected Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE to sexual harassment in

the form of unwelcome physical and/or verbal conduct of a sexual nature which was severe and pervasive.

99.     MARONDA HOMES subjected Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE to conduct including inappropriate sexual, and gender based, comments and touching.

100.     MARONDA HOMES' discriminatory and harassing activities were ongoing and took place on a daily basis.

101.     MARONDA HOMES' management engaged in a pattern and practice of discriminatory activities toward Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE.

102.     As a proximate result of MARONDA HOMES' unlawful conduct complained of in this Complaint, Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE have been deprived of equal employment opportunities and otherwise had their status as employees adversely affected because of their gender.

103.     As a proximate result of MARONDA HOMES' unlawful conduct complained of in this Complaint, Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE have suffered and continue to suffer substantial losses in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay, other employment benefits, and other damages all to their detriment, in an amount to be shown according to proof.

104.     As a proximate result of MARONDA HOMES' unlawful conduct, Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE have suffered and continue to suffer emotional pain, loss of enjoyment of life and humiliation all to their detriment, in an amount to be shown according to proof.

105.    Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE are entitled to

recover reasonable attorneys' fees and costs of their suit as provided by law in an amount to be

shown according to proof.

106.    WHEREFORE, Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE

respectfully request a jury trial on all issues and relief as follows:

       a.    Compensation for all compensatory damages allowed by law;

       b.    Compensation for punitive damages allowed by law;

       c.    Payment for future lost wages and damages;

       d.    An award of reasonable attorney's fees and costs;

       e.    Interest; and

       f.    Such other additional equitable and legal relief as may be just and proper.

**COUNT FOUR**
**SEX DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT**

107.    Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE reincorporate

paragraphs 1 through 81 as fully as if realleged herein.

108.    Defendant MARONDA HOMES engaged in unlawful employment practices in

violation of FCRA.

109.    MARONDA HOMES subjected Plaintiffs HAWKINS, MARTIN, HOLIAN and

SAETTELE to conduct including inappropriate sexual, and gender based, comments and

touching.

110.    MARONDA HOMES, by and through, Chad Johannesen and Arthur Klawitter

subjected Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE to sexual harassment in

the form of unwelcome physical and/or verbal conduct of a sexual nature which was severe and pervasive.

111.    MARONDA HOMES subjected Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE to conduct including inappropriate sexual, and gender based, comments and touching.

112.    MARONDA HOMES' discriminatory and harassing activities were ongoing and took place on a daily basis.

113.    MARONDA HOMES' management engaged in a pattern and practice of discriminatory activities toward Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE.

114.    As a proximate result of MARONDA HOMES' unlawful conduct complained of in this Complaint, Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE have been deprived of equal employment opportunities and otherwise had their status as employees adversely affected because of their gender.

115.    As a proximate result of MARONDA HOMES' unlawful conduct complained of in this Complaint, Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE have suffered and continue to suffer substantial losses in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay, other employment benefits, and other damages all to their detriment, in an amount to be shown according to proof.

116.    As a proximate result of MARONDA HOMES' unlawful conduct, Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE have suffered and continue to suffer emotional pain, loss of enjoyment of life and humiliation all to their detriment, in an amount to be shown according to proof.

117.    Plaintiffs HAWKINS, MARTIN, HOLIAN and SAETTELE are entitled to recover reasonable attorneys' fees and costs of their suit as provided by law in an amount to be shown according to proof.

118.    WHEREFORE, Plaintiffs GIAKOUMAKIS, HOLIAN, and SAETTELE respectfully request a jury trial on all issues and relief as follows:

        a.        Compensation for all compensatory damages allowed by law;

        b.        Compensation for punitive damages allowed by law;

        c.        Payment for future lost wages and damages;

        d.        An award of reasonable attorney's fees and costs;

        e.        Interest; and

        f.        Such other additional equitable and legal relief as may be just and proper.

### COUNT FIVE
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT

119.    Plaintiffs GIAKOUMAKIS, HAWKINS, MARTIN and SAETTELE reincorporate paragraphs 1 through 117 as fully as if realleged herein.

120.    Defendant intentionally retaliated against Plaintiff GIAKOUMAKIS based on her making of a complaint of discrimination, in violation of FCRA by taking adverse employment action against her, including: refusing to transfer her to a location closer to her home; refusing to alleviate the unhealthy and hostile work environment ; subjecting her to more harassment after complaining; publically announcing her termination; and terminating her.

121.    Defendant intentionally retaliated against Plaintiff HAWKINS based on her making of a complaint of discrimination, in violation of FCRA by taking adverse employment action against her, including: refusing to alleviate the unhealthy and hostile work environment ; subjecting her to more harassment after complaining; threatening her job opportunities upon termination; and terminating her.

122.    Defendant intentionally retaliated against Plaintiff MARTIN based on her making of a complaint of discrimination, in violation of FCRA by taking adverse employment action against her, including: refusing to alleviate the unhealthy and hostile work environment ; subjecting her to more harassment after complaining and repeatedly saying the offensive words to her; threatening her job; and terminating her.

123.    Defendant intentionally retaliated against Plaintiff SAETTELE based on her making of a complaint of discrimination, in violation of FCRA by taking adverse employment action against her, including: reprimanding her for no cause; subjecting her to more harassment after complaining; and terminating her.

124.    As a direct and proximate result of Defendant's violation of FCRA, Plaintiffs GIAKOUMAKIS, HAWKINS and SAETTELE have suffered lost wages and benefits, emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

125.    WHEREFORE, Plaintiffs GIAKOUMAKIS, HAWKINS, MARTIN and SAETTELE respectfully request a jury trial on all issues and relief as follows:

        g.    Compensation for all compensatory damages allowed by law;

        h.    An award of reasonable attorney's fees and costs;

i.      Interest; and

j.      Such other additional equitable and legal relief as may be just and proper.

## COUNT SIX
## RETALIATION UNDER TITLE VII

126.    Plaintiffs GIAKOUMAKIS, HAWKINS, MARTIN and SAETTELE

reincorporate paragraphs 1 through 117 as fully as if realleged herein.

127.    Defendant intentionally retaliated against Plaintiff GIAKOUMAKIS based on her

making of a complaint of discrimination, in violation of TITLE VII by taking adverse

employment action against her, including: refusing to transfer her to a location closer to her

home; refusing to alleviate the unhealthy and hostile work environment; subjecting her to more

harassment after complaining; publically announcing her termination; and terminating her.

128.    Defendant intentionally retaliated against Plaintiff HAWKINS based on her

making of a complaint of discrimination, in violation of TITLEVII by taking adverse

employment action against her, including: refusing to alleviate the unhealthy and hostile work

environment ; subjecting her to more harassment after complaining; threatening her job

opportunities upon termination; and terminating her.

129.    Defendant intentionally retaliated against Plaintiff MARTIN based on her making

of a complaint of discrimination, in violation of TITLE VII by taking adverse employment action

against her, including: refusing to alleviate the unhealthy and hostile work environment ;

subjecting her to more harassment after complaining and repeatedly saying the offensive words

to her; threatening her job; and terminating her.

130.    Defendant intentionally retaliated against Plaintiff SAETTELE based on her making of a complaint of discrimination, in violation of TITLE VII by taking adverse employment action against her, including: reprimanding her for no cause; subjecting her to more harassment after complaining; and terminating her.

131.    As a direct and proximate result of Defendant's violation of TITLE VII, Plaintiffs GIAKOUMAKIS, HAWKINS and SAETTELE have suffered lost wages and benefits, emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

132.    WHEREFORE, Plaintiffs GIAKOUMAKIS, HAWKINS and SAETTELE respectfully request a jury trial on all issues and relief as follows:

      a.      Compensation for all compensatory damages allowed by law;

      b.      An award of reasonable attorney's fees and costs;

      c.      Interest; and

      d.      Such other additional equitable and legal relief as may be just and proper.

Date this the ___7___ day of October, 2008.

RIGGINS LAW FIRM, P.A.

DANIALLE RIGGINS, ESQ.
Florida Bar No.  0013909
P.O. Box 830222
Ocala, Florida 34483
(352)369-0705 – Office
(352) 694-1837- Fax
Attorney for Plaintiffs

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 510-2007-03214 |
| | and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Juanita Giakonmakis** | **(352) 873-2914** | **05-31-1946** |

| Street Address | City, State and ZIP Code |
|---|---|
| **10705 SW 38th Ave., Ocala, FL 34476** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **MARONDA HOMES, INC** | **500 or More** | **(352) 861-6945** |

| Street Address | City, State and ZIP Code |
|---|---|
| **7478 B Sw 60th Ave., Ocala, FL 34476** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **04-26-2006** | **06-30-2006** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was born on May 31, 1946. I believe that Respondent discriminated against me because of my age 60, by forcing me to work in a hostile work environment. I complained of this treatment to Barry Sullivan, nothing was done. In retaliation for complaining I was constructively discharged (forced to resign) on June 2006. I was replaced by a person younger than 40 years of age. Other similarly situated employees were also being discriminated against because of their age.

Respondent could not give me any reasons why this was happening. I had been with Respondent in the position of Sales Consultant since March 2004. I had never received a reprimand verbal or in writing. Rumors were that Chad Johannasen, Direct Manager was stating that he was going to get rid of all "older agents" and replace them with young girls. As I understand it the day that I faxed over my resignation in his words he said "I'm glad to get rid of that fucking old bitch."

The Respondent discriminated against me in violation of the Age Discrimination in Employment Act and in violation of Title VII of the 1964 Civil Rights Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 4/17/07 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

Exhibit A

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 510-2007-03228 |

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| **Ms. Patricia M. Holian** | (352) 208-3418 | 04-10-1946 |

| Street Address | City, State and ZIP Code |
|---|---|
| **11165 N. Blackfoot Pl, Dunnellon, FL 34434** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **MARONDA HOMES, INC** | 500 or More | (352) 861-6945 |

| Street Address | City, State and ZIP Code |
|---|---|
| **7478 B Sw 60th Ave., Ocala, FL 34476** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **05-01-2006**   Latest **01-19-2007**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was born on April 10, 1946. I believe that Respondent discriminated against me because of my age 61, and my sex (female) by forcing me to work in a hostile work environment. I complained of this treatment to Barry Sullivan, nothing was done. In retaliation for complaining and my age I was constructively discharged (forced to resign) on January 19, 2007. I was replaced by a person younger than 40 years of age. In addition other similarly situated employees were also being discriminated against because of their age. We were given different terms and conditions than the younger employees.

Respondent could not give me any reasons why this was happening. I had been with Respondent in the position of Sales Consultant since May 19 2003. I had never received a reprimand verbal or in writing. Rumors were that Chad Johannasen, Direct Manager was stating that he was going to get rid of all "older agents" and replace them with young girls. Mr. Johannasen created an extremely hostile and unhealthy work environment by his numerous vile and derogatory sexual and age related remarks that were made about me and others. In addition Mr. Johannasen during a Sales meeting on January 8, 2007 flipped me the FINGER at the meeting. I reported it to Barry Sullivan, he spoke to him and he stated yes and was proud of it.

The Respondent discriminated against me in violation of the Age Discrimination in Employment Act and in violation of Title VII of the 1964 Civil Rights Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 4-17-07  _Patricia Holian_  Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Exhibit B

EEOC Form 5 (5/0)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 510-2007-03225 |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl Area Code) | Date of Birth |
|---|---|---|
| Mrs. Lynette Saettele | (352) 347-8306 | 12-08-1956 |

Street Address: 382 Se 145th Street, Summerfield, FL 34491    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MARONDA HOMES, INC | 500 or More | (352) 861-6945 |

Street Address: 7478 B Sw 60th Ave., Ocala, FL 34476    City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address    City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | Earliest 05-01-2006    Latest 10-18-2006 |
| ☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER (Specify below.) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was born on December 8, 1956. I believe that Respondent discriminated against me because of my age 50, and my sex (female) by forcing me to work in a hostile work environment. I complained of this treatment to Barry Williams, nothing was done. In retaliation for complaining and my age I was constructively discharged (forced to resign) on October 18, 2006. I was replaced by a person younger than 40 years of age. In addition other similarly situated employees were also being discriminated against because of their age. We were given different terms and conditions than the younger employees.

Respondent could not give me any reasons why this was happening. I had been with Respondent in the position of Sales Consultant since April 2004. I had never received a reprimand verbal or in writing. Rumors were that Chad Johannasen, Direct Manager was stating that he was going to get rid of all "older agents" and replace them with young girls. Mr. Johannasen created an extremely hostile and unhealthy work environment by his numerous vile and derogatory sexual and age related remarks that were made about me.

The Respondent discriminated against me in violation of the Age Discrimination in Employment Act and in violation of Title VII of the 1964 Civil Rights Act, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 4/17/07    _Lynette Saettele_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date    Charging Party Signature | |

Exhibit C

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 510-2007-03233 |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)  mrs  **Ms. Shana R. Hawkins** | Home Phone (Incl. Area Code) **(352) 245-9424** | Date of Birth **12-31-1970** |
|---|---|---|

| Street Address  11085  **154 Se 36th Ave, Belleview, FL 34420**  City, State and ZIP Code |
|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name  **MARONDA HOMES, INC** | No. Employees, Members **500 or More** | Phone No. (Include Area Code) **(352) 861-6945** |
|---|---|---|

| Street Address  **7478 B Sw 60th Ave., Ocala, FL 34476**  City, State and ZIP Code |
|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address   City, State and ZIP Code |
|---|

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest **05-01-2005** | Latest **01-15-2007** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent October 2003 in the position of Project Manager. Five months after I was hired I was forced to work in a sexually hostile work environment. I complained of this treatment to Harry Williams and he wrote Arthur Klawitter up. He refrained from doing it for awhile, but a few months later began again. I witnessed Art talking about all of my fellow co-workers in a very sexual manner including myself. I witnessed he and Chad Johanessen make comments about their ages and about their race and national origin. I could no longer take it and on January 15, 2007 I submitted my letter of resignation. I was constructively discharged (Forced to Resign) in retaliation for complaining of sexual harassment. In addition other similarly situated employees were also being discriminated against because of their age and their sex.

Respondent could not give me any reasons why this was happening. I had complained to Respondent and it was handled once. After Mr. Williams left I saw that many times the Division Manager was present and he did nothing about it. I could not believe that we were all forced to work in this type of environment. We had to live with it or quit. ~~been with Respondent in the position of Sales Consultant since April 2004.~~ I had never received a reprimand verbal or in writing. Rumors were that Chad Johannasen, Direct Manager was stating that he was going to get rid of all "older agents" and replace them with young girls. Mr. Klawitter and Mr. Johannasen created an extremely hostile and unhealthy work environment by his numerous vile and derogatory sexual, racial and age related remarks that were made about me and fellow co-workers.

The Respondent discriminated against me in violation of Title VII of the 1964 Civil Rights Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| 4/20/07        _Shana R. Hawkins_  Date             Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Exhibit D

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 510-2007-03247 |

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Jill K. Martin | (352) 489-6802 | 08-31-1968 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10601 Sw 112th Ave, Dunnellon, FL 34432 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MARONDA HOMES, INC | 500 or More | (352) 861-6945 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7478 B Sw 60th Ave., Ocala, FL 34476 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 08-01-2006   Latest 10-26-2006

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent January 2006 in the position of Customer Service Administrator. Eight months after I was hired I was forced to work in a sexually hostile work environment. I complained of this treatment to Arthur Klawitter, but nothing was done. In retaliation for complaining of sexually hostile work environment I was terminated on October 26, 2006.

Respondent could not give me any reasons why this was happening. On or around August, Joe Stephens stated to me in reference to a customer "that guy needs to stop being such a pussy" because he had complained of something about his house. I reported the situation to Arthur Klawitter in front of Marisol Justiniano and he said the same thing as Joe referring to the customer as a "pussy". This was very upsetting to me as it made me uncomfortable so I decided I needed to say something to Joe. I spoke to Joe and informed him that the statement was very upsetting and offensive to me and I found it be unprofessional. Joe got upset with me and proceeded to tell me that he was a Service manager and I needed to understand that. A few days later I was summoned to the conference room. In the conference room was Art Klawitter, VP of Construction, Shana Hawkins and Bob Stoner, Production Managers; Joseph Stephens and Marisol Justinano, Service Managers; and Chad Johannessen, Division Manager. I was addressed directly by Chad. He stated that I worked in a construction environment and that sometimes customers were pussy's. He went on for about 15 minutes using the word pussy while talking to me at least 10 times. At the end of this he proceeded to say, "By the way using the word Pussy is not sexual harassment". I was essentially ripped in front of a lot of people I had to work with everyday for trying to address an issue in a professional adult manner. In retaliation for complaining of a sexually hostile work environment I was terminated on October 26, 2006

The Respondent discriminated against me in violation of Title VII of the 1964 Civil Rights Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT  _Jill K Martin_  4/23/07 |

Exhibit E

EEOC Form 161 (2/08)                    U.S. _QUAL E_ _LOYMENT OPPORTUNITY COMM_ _ON_

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Juanita Giakoumakis<br>4930 SW 63rd Loop<br>Ocala, FL 34474 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 510-2007-03214 | Yolanda Ramirez,<br>Investigator | (305) 808-1767 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_Mellanise Jones_                        JUN 17 2008

Enclosures(s)                            for Manuel Zurita,
                                             Acting Director                    (Date Mailed)

cc: MARONDA HOMES, INC.                      CP Attorney:
    c/o Holland & Knight LLP                 Peter M. Hoogerwoerd, P.A.
    200 south Orange Avenue, Suite 2600      12080 SW 127 Avenue #221
    Orlando, FL 32801-3461                   Miami, FL 33186
    Attn: Stephen T. Ball, Esq.

Exhibit F

EEOC Form 161 (2/08)                 U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Shana Hawkins
     11685 SE 36th Ave
     Belleview, FL  34420

From:  Miami District Office
       2 South Biscayne Blvd
       Suite 2700
       Miami, FL  33131

☐  On behalf of person(s) aggrieved whose identity is
   CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2007-03233 | Yolanda Ramirez, Investigator | (305) 808-1767 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Manuel Zurita,
Acting Director

JUN 17 2008
(Date Mailed)

Enclosures(s)

cc:  Stephen T. Ball
     Attorney
     MRAONDA HOMES, INC
     c/o Holland & Knight LLP
     200 south Orange Avenue  Suite 2600
     Orlando, FL  32801

CP Rep:

Peter M. Hoogerwoerd
Attorney at Law
12060 SW 127 Ave. #221
Miami, FL  33186

Exhibit G

EEOC Form 161 (2/08)          U. . . EQUA. ... . . LOYMENT OPPORTUNITY CON. ... SSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Patricia M. Holian<br>11165 N. Blackfoot Pt.<br>Dunnellon, FL 34434 | From: Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2007-03228 | Yolanda Ramirez,<br>Investigator | (305) 808-1767 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent( ) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Millinise Jones_                                     **JUN 17 2008**

| Enclosures(s) | for Manuel Zurita,<br>Acting Director | (Date Mailed) |
|---|---|---|

cc:    Stephen T. Ball                              CP Rep:
       Attorney
       MRAONDA HOMES, INC                           Peter M. Hoogerwoerd
       c/o Holland & Knight LLP          /          Attorney at Law
       200 south Orange Avenue  Suite 2600          12080 SW 127 Ave. #221
       Orlando, FL 32801                            Miami, FL 33186

Exhibit #

EEOC Form 161 (2/08)    U.S. _QUAL _ `LOYMENT OPPORTUNITY COMMI___ON

## DISMISSAL AND NOTICE OF RIGHTS

| To: Lynette Saettele<br>382 Se 145th Street<br>Summerfield, FL 34491 | From: Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2007-03225 | Yolanda Ramirez,<br>Investigator | (305) 808-1767 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Melanie Jones_                    JUN 17 2008

Enclosures(s)

for **Manuel Zurita,**
**Acting Director**                    (Date Mailed)

cc:    Stephen T. Ball
Attorney
MARONDA HOMES, INC
c/o Holland & Knight LLP
200 South Orange Ave  Suite 2600
Orlando, FL 32801

CP Rep:
Peter M. Hoogerwoerd
Attorney At Law
12080 SW 127th Ave. #221
Miami, FL 33186

Exhibit J