## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION


JUANITA GIAKOUMAKIS, et al.,

      Plaintiffs,

                            CASE NO.: 5:08-cv-487-Oc-10GRJ

vs.

MARONDA HOMES, INC. OF FLORIDA,

      Defendant.

_____/


## CASE MANAGEMENT REPORT

    1.    <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **January 9, 2008** at **1:00 p.m.** and was attended by:


      **Stephen T. Ball, attorney for Defendant**
      **Danialle Riggins, attorney for Plaintiffs**


    2.    <u>Pre Discovery Initial Disclosures of Core Information</u>:

      a.  Fed. R. Civ. 26(a) Initial Disclosures (*Fed .R. Civ. P. 26(a)(1) provides that these disclosures are mandatory)*
The parties

          _____ have exchanged  (check one)
          __X__ will exchange by **February 23, 2009**
          _____ object to the exchange of initial disclosures (If one more parties objects to
               initial disclosures identify the objecting party and state the reasons(s) for
               the objection below.

Information described in Fed. R. Civ. P. 26(a)(1).

Below is a detailed description of information disclosed, scheduled for disclosure or, if applicable, the basis for the objection to the initial disclosures.

3.    <u>Discovery Plan – Plaintiff</u>:  The parties jointly propose the following Plaintiff's discovery plan:

a.  <u>Plaintiff's Planned Discovery</u>:  A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)  <u>Requests for Admission</u>:

The Plaintiffs will comply with the applicable Federal and Local Rules governing requests for admissions.  Plaintiff will seek admissions for all discoverable matters related to the complaint, employment relationship, and defenses in this matter.

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be presented by motion.  See paragraph 6 below.

(2)  <u>Written Interrogatories</u>:

The Plaintiffs will comply with the applicable Federal and Local Rules governing interrogatories. Plaintiff will seek written interrogatories for all discoverable matters related to the complaint, employment relationship, and defenses in this matter.

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be presented by motion.  See paragraph 6 below.

(3)  <u>Requests for Production or Inspection</u>:

The Plaintiffs will comply with the applicable Federal and Local Rules governing document requests. Plaintiff will seek production or inspection for all discoverable matters related to the complaint, employment relationship of the parties, and defenses in this matter.

(4)  <u>Oral Depositions</u>:

The parties will comply with the applicable Federal and Local Rules governing depositions. Plaintiff will seek oral depositions for all discoverable matters related to the complaint, employment relationship, and defenses in this matter.

2

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than then ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Plaintiff to exceed this limit must be presented by motion.  See paragraph 6 below.

Time Permitted for Each Deposition, in accordance with Fed. R. Civ. P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

b.  <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**September 1, 2009**

c.  <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: Within thirty (30) days of receipt of new discovery information.  The parties agree that no discovery disclosed within 30 days of the discovery deadline can be used at trial without stipulation of the parties or an Order from the Court.

d.  <u>Completion of Discovery</u>:  Plaintiff will commence all discovery in time for it to be completed on or before **December 4, 2009**.

4.    <u>Discovery Plan – Defendant</u>:  The parties jointly propose the following Defendant's discovery plan.

a.  <u>Defendant's Planned Discovery</u>:  A description of every discovery effort Defendant plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission</u>:

Defendant intends to propound Request for Admissions on the Plaintiffs dealing with issues relating to Plaintiffs' complaints and employment with the Defendant. Defendant intends to serve Requests for Admissions during the discovery phase of this litigation in accordance with the Federal Rules of Civil Procedure.

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. Civ. P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

(2) Written Interrogatories:

Defendant intends to propound written Interrogatories on the Plaintiffs dealing with issues relating to Plaintiffs' employment with the Defendant and issues relating to Plaintiffs' background, alleged damages and the knowledge of any potential witnesses in this litigation. Defendant intends to serve written Interrogatories during the discovery phase of this litigation in accordance with the Federal Rules of Civil Procedure.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

(3) Requests for Production or Inspection:

Defendant intends to propound Requests for Production on the Plaintiffs dealing with issues relating to their employment with the Defendant and issues relating to their background, alleged damages and their knowledge of any potential witnesses in this litigation. Defendant intends to serve Requests for Production during the discovery phase of this litigation in accordance with the Federal Rules of Civil Procedure.

(4) Oral Depositions:

Defendant intends to depose the Plaintiffs and any other witnesses with knowledge regarding Plaintiffs' claims in this litigation.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

4

Time Permitted for Each Deposition, in accordance with Fed. R. Civ. P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

b.  Disclosure of Expert Testimony:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**October 5, 2009.**

c.  Supplementation of Disclosures and Responses:  Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: Within thirty (30) days of receipt of new discovery information.  The parties agree that no discovery disclosed within 30 days of the discovery deadline can be used at trial without stipulation of the parties or an Order from the Court.

d.  Completion of Discovery:  Defendant will commence all discovery in time for it to be completed on or before **December 4, 2009**.

5.    Joint Discovery Plan – Other Matters:  Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

None known at this time.

6.    Disagreement or Unresolved Issues Concerning Discovery Matters:  Any disagreement or unresolved issue concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven days after the filing of the Case Management Report.  Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates.  Pursuant to Fed. R. Civ. P.26(a)(1), as amended, December 1, 2000, any objection as to the appropriateness of required Initial Disclosures shall be recorded in the case management report.

None known at this time.

7.    Third Party Claims, Joinder of Parties, Potentially Dispositive Motions:  Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially Dispositive motions should be:

For third party claims and joinder of parties – **April 6, 2009**.

For all dispositive motions the Parties agree **January 15, 2010**.

      8.    <u>Settlement and Alternative Dispute Resolution</u>.  Parties agree that settlement is
_____ likely
  X\_\_\_ unlikely

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
    \_\_\_\_ yes    \_\_X\_\_ no    \_\_\_\_ likely to agree in future

Parties agree to participate in court annexed mediation as detailed in Chapter Nine of the Court's
Local Rules. \_\_\_\_ yes    \_\_\_\_no    \_\_X\_\_ likely to agree in future

If yes, the order of referral described in Local Rule 9.04 should be entered by the court on
_____designating _____ to serve as mediator.

Parties agree to consent to trial presided over by United States Magistrate Judge.
    \_\_\_\_ yes    \_\_X\_\_ no    \_\_\_\_ likely to agree in future

Parties intend to pursue the following other methods of alternative dispute resolution:

In accordance with Local Rule 3.05(c)(2)(C)(v), parties agree that if they do not report to the Court that the case has settled on or before **December 4, 2009**, parties will apply for an order invoking Court annexed arbitration (Chapter Eight of Local Rules) or Court annexed mediation (Chapter Nine of Local Rules) on the date.

      9.    <u>Preliminary Pretrial Conference</u>:

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties **(Defendant only)**
  X\_\_\_ request (check one)
_____ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.   Unresolved issues to be addressed at such a conference include:

      Defendant requests a preliminary pretrial to discuss the feasibility of trying all five plaintiffs' cases together in one trial.  Defendant contends that these are multiple claims of five separate Plaintiffs and that trying all five Plaintiffs' claims in one trial will be extremely confusing for the jury and will be equally confusing for jury instructions and for the ultimate verdict form(s).  Should the Court not be inclined to do so, Defendant would respectfully request at this pretrial conference that the Court, pursuant to *Davis, et al. v. Coca-Cola Bottling Co.*

*Consolidated*, 516 F.3d 955 (11ᵗʰ Cir. 2008), *sua sponte* strike Plaintiffs' Complaint and require Plaintiffs to file a more definite statement as to the claims of each of the Plaintiffs.

10.    <u>Final Pretrial Conference and Trial</u>:  Parties agree that they will be ready for a final pretrial conference on or after **April 14, 2010** and for trial on or after **May 3, 2010**.  Trial is expected to take approximately **8-10** days and the trial will be:

    _X_ jury
    ____ non-jury

11.    <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

12.    <u>Other Matters</u>:

    None know at this time.


Date: <u>January 12, 2009</u>                    Date:  <u>January 12, 2009</u>


s/Danialle Riggins _____            s/Stephen T. Ball_____
DANIALLE RIGGINS                            STEPHEN T. BALL, ESQ.
RIGGINS LAW FIRM, P.A.                       HOLLAND & KNIGHT LLP
Florida Bar No.: 0013909                     Florida Bar No.: 716121
PO Box 830222                                200 S. Orange Avenue, Suite 2600
Ocala, Florida 34483                         Orlando, Florida 32801
Phone No. (352) 433-2400                     Phone No. (407) 244-1140
Fax No. (352) 351-8054                       Fax No. (407) 244-5288
AttyRiggins@gmail.com                        stephen.ball@hklaw.com

Counsel for Plaintiffs                       Counsel for Defendant

# 5994576_v1