**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JUANITA GIAKOUMAKIS,
SHANA HAWKINS, PATRICIA HOLIAN,
JILL MARTIN and LYNETTE SAETTELE,

      Plaintiffs,

vs.                         CASE NO.: 5:08-cv-00487-WTH-GRJ

MARONDA HOMES, INC. OF FLORIDA,

      Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO SECOND AMENDED COMPLAINT**

      Defendant, Maronda Homes, Inc. of Florida ("Maronda"), by and through its undersigned attorneys, hereby files this Answer and Affirmative Defenses to the Second Amended Complaint of Plaintiffs, Juanita Giakoumakis ("Giakoumakis"), Shana Hawkins ("Hawkins"), Patricia Holian ("Holian"), Jill Martin ("Martin")[1] and Lynette Saettele ("Saettele") (collectively the "Plaintiffs"), and would state as follows:

      1.      Admit for jurisdictional purposes only as to Title VII and ADEA allegations only. Deny that Florida Civil Rights Act claims of the Plaintiffs are actionable and further deny any wrongdoing on the part of the Defendant.

      2.      Admit for jurisdictional purposes only but deny that Florida Civil Rights Act claims of the Plaintiffs are actionable and further deny any wrongdoing on the part of the Defendant.

---

[1] It should be noted that Plaintiff Jill Martin's case has been resolved at early mediation and a Mediation Report was filed with the Court on February 18, 2009.

3.    Admit that a substantial part of Plaintiffs' claims arose in Marion County but deny the remainder of Paragraph 3 as framed.

4.    Admit.

5.    Admit.

6.    Without knowledge.

7.    Without knowledge.

8.    Without knowledge.

9.    Without knowledge.

10.    Without knowledge.

11.    Denied as framed.

12.    Without knowledge as to whether Plaintiff Giakoumakis' claim was timely filed with the Equal Employment Opportunity Commission ("EEOC") but specifically deny that Plaintiff Giakoumakis' claim was dual filed with the Florida Commission on Human Relations ("FCHR").

13.    Without knowledge as to whether Plaintiff Holian's claim was timely filed with the Equal Employment Opportunity Commission ("EEOC") but specifically deny that Plaintiff Holian's claim was dual filed with the FCHR.

14.    Without knowledge as to whether Plaintiff Saettele's claim was timely filed with the Equal Employment Opportunity Commission ("EEOC") but specifically deny that Plaintiff Saettele's claim was dual filed with the FCHR.

15.    Without knowledge as to whether Plaintiff Hawkins' claim was timely filed with the Equal Employment Opportunity Commission ("EEOC") but specifically deny that Plaintiff Hawkins' claim was dual filed with the FCHR.

2

16.    Without knowledge as to whether Plaintiff Martin's claim was timely filed with the Equal Employment Opportunity Commission ("EEOC") but specifically deny that Plaintiff Martin's claim was dual filed with the FCHR.

17.    Without knowledge and therefore denied.

18.    Without knowledge and therefore denied.

19.    Admit.

20.    Without knowledge.

21.    Without knowledge.

22.    Without knowledge.

23.    Without knowledge.

24.    Without knowledge.

25.    Without knowledge.  By way of further response, Defendant would state that Plaintiffs have any cognizable claims under the FCHR.

26.    Without knowledge as framed but by way of further response, Defendant would state that the statutes in question speak for themselves.  Further, Defendant would deny that Plaintiffs have any cognizable claims under the FCHR.

27.    Admit.

## GENERAL ALLEGATIONS

28.    Denied.

29.    Denied as framed.

30.    Denied as framed.

31.    Without knowledge.

32.    Without knowledge.

33.    Admit that Plaintiff Giakoumakis was hired by Maronda in April of 2004.

34.    Admit that Plaintiff Hawkins was hired by Maronda in October of 2003.

35.    Admit that Plaintiff Holian was hired by Maronda in May of 2003.

36.    Admit that Plaintiff Martin was hired by Maronda in January of 2006.

37.    Admit that Plaintiff Saettele was hired by Maronda in April of 2004.

38.    Plaintiffs Giakoumakis, Holian and Saettele were hired by Maronda initially as sales floaters and later moved into the positions of sales representatives. Without knowledge as to whether they are licensed real estate agents.

39.    Denied as framed.

40.    Plaintiff Hawkins was employed as a production supervisor. All other allegations to the contrary are denied.

41.    Plaintiff Martin was employed as a customer service representative. All other allegations to the contrary are denied.

42.    Denied as far as the date Harry Williams resigned from Maronda Homes. Admit the remainder of Paragraph 42.

43.    Admit.

44.    Admit that Mr. Johannesen replaced Harry Williams and that he became the immediate supervisor of Plaintiffs Giakoumakis, Holian and Saettele. Without knowledge at the present time as to whether or not Mr. Johannesen was the immediate supervisor of Plaintiff Martin. Deny the remainder of Paragraph 44.

45.    Admit that Klawitter was the Vice President of Construction for Maronda Homes in Ocala at this time and that he was Plaintiff Hawkins' only immediate supervisor. Deny the remainder of Paragraph 45 as framed.

46.     Deny that Johannesen was supervisor for all of the Plaintiffs herein.  Without knowledge as to whether Plaintiffs received any verbal reprimands.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied, including each subpart thereof.

54.     Denied as framed.

55.     Denied.

56.     Denied as framed.

57.     Denied.

58.     Denied.

59.     Without knowledge.

60.     Denied.

61.     Admit that Johannesen did raise his middle finger in a meeting when Plaintiff Holian and other sales representatives' behavior had become disruptive and inappropriate. Without knowledge as to the exact date when this meeting occurred.  All other allegations to the contrary are hereby denied.

62.     Without knowledge.

63.     Denied.

64.     Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    With the exception of Paragraph 68(c), (d), (e), (n) and (o) which Defendant denies, Defendant is unable to respond to the remainder of Paragraph 68 as framed in that Plaintiffs are lumped together along with unidentified "other female employees" so that it is impossible to respond to this paragraph without specific individuals being identified and who allegedly witnessed specific events.  As a result, Defendant denies the allegations in Paragraph 68 as framed, including each subpart thereof.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied as framed.

73.    Denied as framed.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied as framed.

79.    Denied.

80.    Denied.

81.    Denied.

## COUNT ONE
### (Giakoumakis - Age Discrimination under the ADEA)

82.     Defendant realleges and incorporates its answers to Paragraphs 1-81 above.

83.     Admit that Giakoumakis is a woman.  Without knowledge as to the date of her birth.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Without knowledge as to who is meant by "Maronda Homes's [sic] management" and further deny the allegations in this Paragraph.

89.     Denied.

90.     Denied.

91.     Denied.

## COUNT TWO
### (Holian - Age Discrimination under the ADEA)

92.     Defendant realleges and incorporates its answers to Paragraphs 1-81 above.

93.     Without knowledge.

94.     Admit that Plaintiff Holian was hired by Maronda in May of 2003.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Without knowledge as to who is meant by "Maronda Homes's [sic] management" and further deny the allegations in this Paragraph.

99.    Denied.

100.    Denied.

101.    Denied.

## COUNT THREE
### (Saettele – Age Discrimination under the ADEA)

102.    Defendant realleges and incorporates its answers to Paragraphs 1-81 above.

103.    Without knowledge.

104.    Admit that Plaintiff Saettele was hired by Maronda in April 2004.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Without knowledge as to who is meant by "Maronda Homes's [sic] management" and further deny the allegations in this Paragraph.

109.    Denied.

110.    Denied.

111.    Denied.

## COUNT FOUR
### (Giakoumakis – Age Discrimination under the FCRA)

For Defendant's response to Paragraphs 112-118, please see Defendant's Motion to Dismiss Plaintiffs' State Law Claims in the Second Amended Complaint or, Alternatively, Motion for Partial Summary Judgment and Supporting Memorandum of Law filed contemporaneously herewith.

## COUNT FIVE
### (Holian – Age Discrimination under the FCRA)

For Defendant's response to Paragraphs 119-125, please see Defendant's Motion to Dismiss Plaintiffs' State Law Claims in the Second Amended Complaint or, Alternatively, Motion for Partial Summary Judgment and Supporting Memorandum of Law filed contemporaneously herewith.

## COUNT SIX
### (Saettele – Age Discrimination under the FCRA)

For Defendant's response to Paragraphs 126-132, please see Defendant's Motion to Dismiss Plaintiffs' State Law Claims in the Second Amended Complaint or, Alternatively, Motion for Partial Summary Judgment and Supporting Memorandum of Law filed contemporaneously herewith.

## COUNT SEVEN
### (Hawkins – Sex Discrimination and Harassment under Title VII)

133.    Defendant realleges and incorporates its answers to Paragraphs 1-81 above.

134.    Denied.

135.    Denied.

136.    Without knowledge as to Plaintiff Hawkins means by alter ego and therefore deny same.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Without knowledge as to who is meant by "Maronda Home's [sic] management" and further deny the allegations in this Paragraph.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Without knowledge as to who is meant by "Maronda Homes' management" and further deny the allegations in this Paragraph.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

## COUNT EIGHT
### (Martin – Sex Discrimination and Harassment under Title VII)

The claims by Martin against the Defendant have been resolved at mediation and thus no response is necessary to Paragraphs 153-172.  A copy of the Mediation Report filed February 18, 2009 showing the settlement is attached hereto as **Exhibit "A"**.  Defendant reserves the right to amend its Answer and Affirmative Defenses if for some reason this settlement is not finalized.

## COUNT NINE
### (Holian – Sex Discrimination and Harassment under Title VII)

173.    Defendant realleges and incorporates its answers to Paragraphs 1-81 above.

174.    Denied.

175.    Denied.

176.    Without knowledge as to Plaintiff Holian means by alter ego and therefore deny same.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Without knowledge as to who is meant by "Maronda Home's [sic] management" and further deny the allegations in this Paragraph.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Without knowledge as to who is meant by "Maronda Homes' management" and further deny the allegations in this Paragraph.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

## COUNT TEN
**(Saettele – Sex Discrimination and Harassment under Title VII)**

193.    Defendant realleges and incorporates its answers to Paragraphs 1-81 above.

194.    Denied.

195.    Denied.

196.    Without knowledge as to Plaintiff Saettele means by alter ego and therefore deny

same.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Without knowledge as to who is specifically being referred to as "Maronda

Homes" and further deny the allegations in this Paragraph.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

## COUNT ELEVEN
### (Hawkins – Sex Discrimination and Harassment under FCHR)

For Defendant's response to Paragraphs 212-222, please see Defendant's Motion to

Dismiss Plaintiffs' State Law Claims in the Second Amended Complaint or, Alternatively,

Motion for Partial Summary Judgment and Supporting Memorandum of Law filed contemporaneously herewith.

## COUNT TWELVE (IMPROPERLY REPEATED AS COUNT ELEVEN AGAIN)
### (Martin – Sex Discrimination under the FCRA)

The claims by Martin against the Defendant have been resolved at mediation and thus no response is necessary to Paragraphs 223-233. A copy of the Mediation Report filed February 18, 2009 showing the settlement is attached hereto as **Exhibit "A"**. Defendant reserves the right to amend its Answer and Affirmative Defenses if for some reason this settlement is not finalized.

## COUNT THIRTEEN (IMPROPERLY REPEATED AS COUNT TWELVE AGAIN)
### (Saettele – Sex Discrimination under the FCRA)

For Defendant's response to Paragraphs 234-244, please see Defendant's Motion to Dismiss Plaintiffs' State Law Claims in the Second Amended Complaint or, Alternatively, Motion for Partial Summary Judgment and Supporting Memorandum of Law filed contemporaneously herewith.

## COUNT FOURTEEN (IMPROPERLY REPEATED AS COUNT THIRTEEN AGAIN)
### (Holian – Sex Discrimination under the FCHR)

For Defendant's response to Paragraphs 245-255, please see Defendant's Motion to Dismiss Plaintiffs' State Law Claims in the Second Amended Complaint or, Alternatively, Motion for Partial Summary Judgment and Supporting Memorandum of Law filed contemporaneously herewith.

## COUNT FIFTEEN (IMPROPERLY REPEATED AS COUNT FOURTEEN AGAIN)
### (Giakoumakis – Retaliation under the FCRA)

For Defendant's response to Paragraphs 256-258, please see Defendant's Motion to Dismiss Plaintiffs' State Law Claims in the Second Amended Complaint or, Alternatively,

Motion for Partial Summary Judgment and Supporting Memorandum of Law filed contemporaneously herewith.

### COUNT SIXTEEN (IMPROPERLY REPEATED AS COUNT FIFTEEN AGAIN)
### (Hawkins – Retaliation under the FCRA)

For Defendant's response to Paragraphs 259-261, please see Defendant's Motion to Dismiss Plaintiffs' State Law Claims in the Second Amended Complaint or, Alternatively, Motion for Partial Summary Judgment and Supporting Memorandum of Law filed contemporaneously herewith.

### COUNT SEVENTEEN (IMPROPERLY REPEATED AS COUNT SIXTEEN AGAIN)
### (Martin – Retaliation under the FCRA)

The claims by Martin against the Defendant have been resolved at mediation and thus no response is necessary to Paragraphs 262-264. A copy of the Mediation Report filed February 18, 2009 showing the settlement is attached hereto as **Exhibit "A"**. Defendant reserves the right to amend its Answer and Affirmative Defenses if for some reason this settlement is not finalized.

### COUNT EIGHTEEN (IMPROPERLY REPEATED AS COUNT SEVENTEEN AGAIN)
### (Saettele – Retaliation under the FCRA)

For Defendant's response to Paragraphs 265-267, please see Defendant's Motion to Dismiss Plaintiffs' State Law Claims in the Second Amended Complaint or, Alternatively, Motion for Partial Summary Judgment and Supporting Memorandum of Law filed contemporaneously herewith.

### COUNT NINETEEN (IMPROPERLY REPEATED AS COUNT SEVENTEEN AGAIN)
### (Giakoumakis – Retaliation under Title VII)

268.    Defendant realleges and incorporates its answers to Paragraphs 1-255 above.

269.    Denied.

270.    Denied.

## COUNT TWENTY (IMPROPERLY REPEATED AS COUNT EIGHTEEN)
### (Hawkins – Retaliation under Title VII)

271.    Defendant realleges and incorporates its answers to Paragraphs 1-255 above.

272.    Denied.

273.    Denied.

## COUNT TWENTY-ONE (IMPROPERLY REPEATED AS COUNT NINETEEN)
### (Martin – Retaliation under Title VII)

The claims by Martin against the Defendant have been resolved at mediation and thus no response is necessary to Paragraphs 274-276.  A copy of the Mediation Report filed February 18, 2009 showing the settlement is attached hereto as **Exhibit "A"**.  Defendant reserves the right to amend its Answer and Affirmative Defenses if for some reason this settlement is not finalized.

## COUNT TWENTY-TWO (IMPROPERLY REPEATED AS COUNT TWENTY)
### (Saettele – Retaliation under Title VII)

277.    Defendant realleges and incorporates its answers to Paragraphs 1-255 above.

278.    Without knowledge who is meant by "Hawk Saettele" and thus the allegations in Paragraph 278 are denied.

279.    Denied.


**As to all of the ad damnum clauses in Plaintiffs' Second Amended Complaint (with the exception of Martin's and those which are the subject of Defendant's Motion to Dismiss Plaintiffs' State Law Claims in the Second Amended Complaint or, Alternatively, Motion for Partial Summary Judgment and Supporting Memorandum of Law filed contemporaneously herewith), Defendant denies that Plaintiffs' are entitled to any of the relief requested and further requests this Court enter judgment in its favor on all such**

15

claims and counts including costs, attorney's fees and other relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Plaintiffs' Complaint fails to state a claim for which relief can be granted under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act.

### Second Affirmative Defense

All actions taken with regard to Plaintiffs were taken pursuant to legitimate business and employment reasons.

### Third Affirmative Defense

Conduct on the part of Plaintiffs caused all or part of Plaintiffs' damages, and any damages assessed against the Defendant should be offset by Plaintiffs' own conduct.

### Fourth Affirmative Defense

Plaintiffs cannot rebut the legitimate, non-discriminatory, non-retaliatory, non-harassing business-related reasons for any decisions made by the Defendant relating to Plaintiffs' employment.

### Fifth Affirmative Defense

Plaintiffs' claims for damages are barred, in whole or in part, by their failure to mitigate their damages.

## Sixth Affirmative Defense

Plaintiffs were at-will employees whose employment was terminable at any time for any reason not prohibited by law. All remaining Plaintiffs elected to terminate their own employment were not constructively discharged.

## Seventh Affirmative Defense

Plaintiffs fail to state a claim because the injuries and damages allegedly sustained by Plaintiffs, if any, were not the result of any acts, omissions, or any other conduct by the Defendant.

## Eighth Affirmative Defense

Defendant exercised reasonable care to prevent and correct promptly any discriminatory, retaliatory or allegedly harassing behavior.

## Ninth Affirmative Defense

Defendant asserts that: (a) it had strict policies and procedures for all employees to report any alleged harassment, discrimination or retaliation by any person which were known to Plaintiffs; (b) it implements and maintains such policies and procedures; and (c) it acted on, investigated, and took appropriate prompt and remedial measures in response to any complaints made by employees under the policies and procedures.

## Tenth Affirmative Defense

Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by their employer, or to otherwise avoid harm.

## Eleventh Affirmative Defense

To the extent any improper, illegal, or discriminatory acts occurred – which Defendant denies – such acts were outside the scope of the employment of the actor.

### Twelfth Affirmative Defense

Without conceding that Plaintiffs are entitled to any damages resulting from the allegations in their Complaint, some or all of Plaintiffs' claims may be barred by the after-acquired evidence doctrine.

### Thirteenth Affirmative Defense

Plaintiffs cannot establish that the reasons proffered by their employer for the employment actions taken pertaining to Plaintiffs were pretextual.

### Fourteenth Affirmative Defense

Plaintiffs failed to engage in statutorily protected activity.

### Fifteenth Affirmative Defense

Plaintiffs cannot establish that similarly-situated, male employees or younger employees were treated more favorably than they were.

### Sixteenth Affirmative Defense

Plaintiffs cannot recover punitive damages against the Defendant because they have failed to allege and cannot prove fault by Defendant sufficient to justify the imposition of punitive damages against it.

### Seventeenth Affirmative Defense

The claims in Plaintiffs' Complaint are barred, in whole or in part, in that Plaintiffs have failed to exhaust administrative remedies.

### Eighteenth Affirmative Defense

Plaintiffs failed to meet the conditions precedent to maintaining their claims.

### Nineteenth Affirmative Defense

Some or all of the Plaintiffs' claims are time-barred by the applicable statute(s) of limitations.

### Twentieth Affirmative Defense

Plaintiffs cannot establish that they had an objective, good faith belief that they were being sexually harassed or discriminated against because of their sex or age.

### Twenty-First Affirmative Defense

Plaintiffs cannot establish that they suffered an adverse employment action.

### Twenty-Second Affirmative Defense

Any differences in pay between Plaintiff and any similarly situated comparators were due to factors other than gender or age.

### Twenty-Third Affirmative Defense

Defendant asserts that even if Plaintiffs were discriminated or retaliated against in violation of Title VII, or the ADEA, they are not entitled to any relief whatsoever because Defendant would have taken the same action even in the absence of any alleged impermissible motivating factor.

*Defendant reserves the right to amend this Answer and Affirmative Defenses to assert any defenses or claims that it may have against Plaintiffs as authorized by law and Federal Rules of Civil Procedure.*

**WHEREFORE**, Defendant requests that the Court enter judgment in its favor on all of Plaintiffs' claims, that Plaintiffs take nothing by this suit, that Defendant recover its costs, including reasonable attorneys' fees and that Defendant recover such other further relief as this Court deems proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>March 6, 2009,</u> I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following: Danialle Riggins, Esquire, Riggins Law Firm, P.A., P.O. Box 830222, Ocala, Florida 34483.

s/ Stephen T. Ball
Stephen T. Ball
Florida Bar No. 716121
stephen.ball@hklaw.com
Erin A. Webb
Florida Bar No. 0184039
erin.webb@hklaw.com
HOLLAND & KNIGHT LLP
200 South Orange Avenue, Suite 2600
Post Office Box 1526 (Zip 32802)
Orlando, Florida 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288
Trial Counsel for Defendant

# 6113600_v1

20