WORKSHARING AGREEMENT
BETWEEN

FLORIDA COMMISSION ON HUMAN RELATIONS

and the

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
FOR FISCAL YEAR 2005

I. INTRODUCTION

A. The Florida Commission on Human Relations, hereinafter referred to as the FCHR, has jurisdiction over allegations of employment discrimination filed against employers of Fifteen (15) or more employees occurring within the State of Florida based on age, race, sex, color, marital status, religion, national origin and handicap pursuant to the Florida Civil Rights Act of 1992, as amended (Sections 760.01-760.11, Florida Statutes, hereinafter referred to as FCRA.

The Equal Employment Opportunity Commission, hereinafter referred to as EEOC, has jurisdiction over allegations of employment discrimination occurring throughout the United States where such charges are based on race, color, religion, sex, or national origin, all pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000(e)) (hereinafter referred to as Title VII). EEOC has jurisdiction to investigate and determine charges of discrimination based on age (40 or older) under the Age Discrimination in Employment Act (ADEA) of 1967, as amended (29 U.S.C. § 621 et.seq.), for unequal wages based on sex under the Equal Pay Act of 1963 (29 U.S.C. § 206), and over allegations of employment discrimination based on disability pursuant to Title I of the Americans with Disabilities Act of 1991, (42 U.S.C. § 12101).

B. In recognition of, and to the extent of the common jurisdiction and goals of the two (2) Agencies, and in consideration of the mutual promises and covenants contained herein, the FCHR and the EEOC hereby agree to the terms of this Worksharing Agreement, which is designed to provide individuals with an efficient procedure for obtaining redress for their grievances under appropriate State and Federal laws.

Exhibit E

## II. FILING OF CHARGES OF DISCRIMINATION

A. In order to facilitate the assertion of employment rights, the EEOC and the FCHR each designate the other as its agent for the purpose of receiving drafting, and filing charges, including those that are not jurisdictional with the agency that initially receives the charges. EEOC's receipt of charges on the FCHR's behalf will automatically initiate the proceedings of both EEOC and the FCHR for the purposes of Section 706 (c) and (e)(1) of Title VII. FCHR's receipt of charges on the EEOC's behalf will automatically initiate the proceedings of both the EEOC and the FCHR for the purpose of Section 760.6 (10), Florida Statutes. This delegation of authority to receive charges does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge. Charges can be transferred from one agency to another in accordance with the terms of this agreement or by other mutual agreement.

B. The FCHR shall take all charges alleging a violation of Title VII, ADEA, EPA, or the ADA where both the FCHR and EEOC have mutual jurisdiction, or where EEOC only has jurisdiction, so long as the allegations meet the minimum requirements of those Acts, and for charges specified in Section III. A. 1. below, refer them to the EEOC for initial processing.

C. Each Agency will inform individuals of their rights to file charges directly with the other Agency and or assist any person alleging employment discrimination to draft a charge in a manner which will satisfy the requirements of both agencies to the extent of their common jurisdiction. As part of the intake duties, Investigators are to verify with the Charging Parties if they had filed a charge of discrimination with other agencies prior to filing the charge.

Normally, once an agency begins an investigation, it resolves the charge. Charges may be transferred between the EEOC and the Florida Commission on Human Relations within the framework of a mutually agreeable system. Each agency will advise Charging Parties that charges will be resolved by the agency taking the charge except when the agency taking the charge lacks jurisdiction or when the charge is to be transferred in accordance with Section III (DIVISION OF INITIAL CHARGE-PROCESSING RESPONSIBILITIES).

D. For charges that are to be dual-filed, each Agency will use EEOC Charge Form 5 (or alternatively, an employment discrimination charge form which within statutory limitations, is acceptable in form and content to EEOC and the FCHR) to draft charges. Specifically, each agency will forward an Affidavit taken at the time of intake and a copy of the Charge Information Form. When a charge is taken based on disability, the nature of the disability shall **not** be disclosed on the face of the charge.

1. With respect to the ADA, the Florida Commission on Human Relations (FCHR) law is similar to the ADA, but has the following important differences:

    a. The statute does not enunciate a standard for evaluating safety requirements.

    b. The statute contains no restrictions on disability related inquires and medical Examinations of applicants and

employees and no confidentiality provisions. The statute expressly allows employers to require examinations of applicants and employees to determine fitness for jobs.

    c. The statute does not contain a provision prohibiting discrimination through a contract.

    d. The statute does not contain a provision prohibiting discrimination on the basis of a relationship or association with an individual with a disability.

2. Recognizing the differences set forth above, the FCHR the EEOC agree to the following:

    a. For each FCHR ADA charge resolution that involves one or more of the issues identified in 1. above, the FCHR will provide the EEOC with a statement that identifies which of the above issues were addressed in resolving the charge.

    b. The FCHR will transfer to the EEOC for initial processing each disability charge it originally receives where it will not receive and resolve all alleged issues in a manner consistent with all requirements, standards, prohibitions, and restrictions set forth in the ADA.

E. Within ten calendar days of receipt, each Agency agrees that it will notify both the Charging Party and Respondent of the dual-filed nature of each such charge it receives for initial processing and explain the rights and responsibilities of the parties under the applicable Federal, State, or Local statutes. Each Agency will use EEOC Form 212, Charge Transmittal to transmit charges to each other.

III. DIVISION OF INITIAL AGENCY CHARGE-PROCESSING AND INVESTIGATIVE RESPONSIBILITIES

In recognition of the statutory authority granted to the FCHR by Section 706(c) and 706(d) of Title VII as amended; and by Title I of the Americans with Disabilities Act, and the transmittal of charges of age discrimination pursuant to the Age Discrimination in Employment Act of 1967, the primary responsibility for resolving charges between the FCHR and the EEOC will be divided as follows:

A. EEOC will initially process/investigate all Title VII, ADA, and ADEA charges that they originally receive. FCHR will initially process all TITLE VII, ADA and ADEA charges that they originally receive pursuant to the divisions of Section III. A.2.

    1. For charges originally received by the EEOC and/or to be initially processed by the EEOC, the FCHR waives its right of exclusive jurisdiction to initially process such charges for a period of 60 days for the purpose of allowing the EEOC to proceed immediately with the processing of such charges before the 61st day.

In addition, the EEOC will initially process the following charges:

-- All Title VII, ADA and concurrent Title VII/ADA charges jurisdictional with the FEPA and received by the FCHR 240

days or more after the date of violation;

-- All concurrent Title VII/EPA charges;

-- All charges against the FCHR or its parent organization where such parent organization exercises direct or indirect control over the charge decision making process;

-- All charges filed by EEOC Commissioners;

-- Charges also covered by the Immigration Reform and Control Act;

-- Complaints referred to EEOC by the Department of Justice, Office of Federal Contract Compliance Programs, or Federal fund-granting agencies under 29 CFR § 1640, 1641, and 1691.

-- Any charge where EEOC is a party to a Conciliation Agreement or a Consent Decree which, upon mutual consultation and agreement, is relevant to the disposition of the charge. The EEOC will notify the FCHR of all Conciliation Agreements and Consent Decrees which have features relevant to the disposition of subsequent charges;

-- Any charge alleging retaliation for filing a charge with EEOC or for cooperating with EEOC; and

-- All charges against Respondents which are designated for initial processing by the EEOC in a supplementary memorandum to this Agreement.

2. The FCHR will initially process the following types of charges:

-- Any charge alleging retaliation for filing a charge with the FCHR or cooperating with the FCHR;

-- Any charge where the FCHR is a party to a Conciliation Agreement or a Consent Decree which, upon mutual consultation and agreement, is relevant to the disposition of the charge. The FCHR will provide the EEOC with an on-going list of all Conciliation Agreements and Consent Decrees which have features relevant to the disposition of subsequent charges;

-- All charges which allege more than one basis of discrimination where at least one basis is not covered by the laws administered by EEOC but is covered by the FCHR Statute, or where EEOC is mandated by federal court decision or by internal administrative EEOC policy to dismiss the charge, but FCHR can process that charge.

-- All charges against Respondents which are designated for initial processing by FCHR in a supplementary memorandum to this Agreement; and

-- All disability-based charges against Respondents over which EEOC does not have jurisdiction.

-- EEOC will refer to the FCHR inquiries that are more than 300 days from the date of violation and therefore non-jurisdictional with the Commission.

Workload Distribution

It is agreed that the Florida Commission will process only those Title VII, ADA and ADEA charges which arise in the following counties:

| | | | |
|---|---|---|---|
| Alachua | Flagler | Lake | St. Johns |
| Baker | Franklin | Leon | Santa Rosa |
| Bay | Gadsden | Levy | Seminole |
| Bradford | Gilchrist | Liberty | Sumter |
| Brevard | Gulf | Madison | Suwannee |
| Calhoun | Hamilton | Marion | Taylor |
| Nassau | Union | Clay | Okaloosa |
| Volusia | Columbia | Holmes | Wakulla |
| Walton | Dixie | Orange * | Washington |
| Escambia | Jackson | Putnam | Lafayette |
| Jefferson | Polk | | |

* Exclusive of The City of Orlando

These provisions may be modified or extended by mutual consent.

B. Notwithstanding any other provision of the Agreement, the FCHR or the EEOC may request to be granted the right to initially process any charge subject to agreement of the other agency. Such variations shall not be inconsistent with the objectives of this Worksharing Agreement or the Contracting Principles.

C. Each Agency will on a quarterly basis notify the other of all cases in litigation and will notify each other when a new suit is filed. As charges are received by one Agency against a Respondent on the other Agency's litigation list a copy of the new charge will be sent to the other Agency's litigation unit within 10 working days.

IV. EXCHANGE OF INFORMATION

A. Both the FCHR and EEOC shall make available for inspection and copying to appropriate officials from the other Agency any information which may assist each Agency in carrying out its responsibilities. Such information shall include, but not necessarily be limited to, investigative files, conciliation agreements, staffing information, case management printouts, charge processing documentation, and any other material and data as may be related to the processing of dual-filed charges or administration of the contract. The Agency accepting information agrees to comply with any confidentiality requirements imposed on the agency providing the information. With respect to all information obtained from EEOC, the FCHR agrees to observe the confidentiality provisions of Title VII, ADEA, and ADA.

B. In order to expedite the resolution of charges or facilitate the working of this Agreement, either Agency may request or permit personnel of the other Agency to accompany or to observe its personnel when processing a charge.

V. RESOLUTION OF CHARGES

A. Both agencies will adhere to the procedures set out in EEOC's State and Local Handbook, including current revisions thereto.

    B. For the purpose of according substantial weight to the FCHR final finding and order, the FCHR must submit to the EEOC copies of all documents pertinent to conducting a substantial weight review; the evaluation will be designed to determine whether the following items have been addressed in a manner sufficient to satisfy EEOC requirements; including, but not limited to:

        1. jurisdictional requirements,

        2. investigation and resolution of all relevant issues alleging personal harm with appropriate documentation and using proper theory,

        3. relief, if appropriate,

        4. mechanisms for monitoring and enforcing compliance with all terms of conciliation agreements, orders after public hearing or consent orders to which the FCHR is a party.

    C. For the purpose of according substantial weight to EEOC's investigative finding, EEOC must submit to FCHR copies of all documents pertinent to conducting a substantial weight review. The evaluation will be designed to determine whether the following items have been addressed in a manner sufficient to satisfy FCHR requirements, including, but not limited to:

        1. jurisdictional requirements;

        2. investigation and resolution of all relevant issues alleging personal harm with appropriate documentation and using the correct theory; and

        3. appropriate relief, if any.

    D. In order to be eligible for contract credit and/or payment, submissions must meet all the substantive and administrative requirements as stipulated in the Contracting Principles.

    E. For the purposes of determining eligibility for contract payment, a final action is defined as the point after which the charging party has no administrative recourse, appeal, or other of redress available under applicable State and Local statutes.

VI. IMPLEMENTATION OF THE WORKSHARING AGREEMENT

    A. Each agency will designate a person as liaison official for the other agency to contact concerning the day-to-day implementation for the Agreement. The liaison for the FCHR will be Agency's Executive Director. The liaison official for the EEOC will be the State and Local Coordinator.

    B. The agencies will monitor the allocation of charge-processing responsibilities as set forth in the Agreement. Where it appears that the overall projection appears inappropriate, the appropriate portions of this Agreement will be modified to ensure full utilization of the investigation and resolution capacities of the FCHR and rapid redress for allegations of unlawful employment discrimination.

C. EEOC will provide original forms to be copied by the FCHR, in accordance with the Regulations and the Compliance Manual to be used by the FCHRs in correspondence with Charging Parties and Respondents.

D. If a dispute regarding the implementation or application of this agreement cannot be resolved by the FCHR and District Office Director, the issues will be reduced to writing by both parties and forwarded to the Director of the Office of Program Operations for resolution.

E. This Agreement shall operate from the first (1st) day of October 2004 to the thirtieth (30th) day of September 2005 and may be renewed or modified by mutual consent of the parties.

I have read the foregoing Worksharing Agreement and I accept and agree to the provisions contained therein.

Date 08/26/2004

Federico Costales, District Director
Equal Employment Opportunity Commission
Miami, District Office

Date 08/30/04

Derick Daniel, Director
Florida Commission on Human Relations

### FY 2007 Extension of Worksharing Agreement

In as much as there have been no substantive changes in the process, procedures, statutes, policies or regulations that would adversely affect or substantially alter the worksharing arrangement between the **EEOC Miami District Office** and **Florida Commission on Human Relations**, or that would affect the processing of charges filed under the pertinent Federal, State or local Statutes, the parties agree to extend the current worksharing agreement that was executed on **August 30, 2004** through **FY 2007** Charge Resolution Contract Option Period. This Agreement, as well as the attendant Worksharing Agreement may reopen and amended by mutual consent of the parties.

_____    9/13/06
For the FEPA                              Date

_____    9/22/06
For the EEOC Miami District Office    Date

Exhibit F