IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUANITA GIAKOUMAKIS,
SHANA HAWKINS, PATRICIA HOLIAN,
JILL MARTIN and LYNETTE SAETTELE,

    Plaintiffs,

vs.                                  CASE NO.: 5:08-cv-00487-WTH-GRJ

MARONDA HOMES, INC. OF FLORIDA,

    Defendant.
_____/

### DEFENDANT'S MOTION TO EXCEED DEPOSITION LIMIT AND INCORPORATED MEMORANDUM OF LAW AND REQUEST FOR CASE MANAGEMENT CONFERENCE WITH MAGISTRATE JUDGE JONES

Defendant, Maronda Homes, Inc. of Florida, by and through its undersigned attorneys and pursuant to Local Rule 3.02(b), moves for leave to exceed the deposition limit of ten (10) depositions per side. The grounds for this motion are:

1. This case involves a twenty-two (22) count complaint of discrimination, harassment, and retaliation by five (5) plaintiffs against their former employer, Maronda Homes, Inc. of Florida ("Defendant" or "Maronda") under both Title VII of the Civil Rights Act of 1964 and Chapter 760, Fla. Stat., commonly referred to as the Florida Civil Rights Act ("FCRA"). (It should be noted at the outset that Plaintiffs Jill Martin and Shana Hawkins have resolved their claims at early mediation. Thus, this Motion only addresses the remaining three (3) Plaintiffs.)

2. On or about September 12, 2008, Plaintiffs filed a Complaint in the Circuit Court of the Fifteenth Judicial Circuit, in and for Marion County, Florida against the Defendant alleging multiple claims of discrimination under both Title VII and under the FCRA. This Complaint was not

served on the Defendant. On or about October 7, 2008, Plaintiffs filed a First Amended Complaint in the Marion County Circuit Court which First Amended Complaint was ultimately served on the Defendant.

3. Thereafter, on or about November 12, 2008 Defendant, through its counsel, removed the case to the United States District Court, Middle District of Florida, Ocala Division, Case No.: 5:08-cv-00487-WTH-GRJ. After a preliminary pretrial conference was held with Magistrate Jones on February 19, 2009 Plaintiffs then filed, without objection from the undersigned, a Second Amended Complaint on February 24, 2009.

4. In response to Defendant's Interrogatories as well as in Plaintiffs' Rule 26 Initial and Supplemental Disclosures and Plaintiffs' own deposition, the remaining Plaintiffs have identified fifty (50) individuals (exclusive of themselves) with knowledge of the facts of this case.

5. Due to the number of parties involved, the extensive number witnesses identified, and the numerous causes of action, the Defendant needs to be allowed to take depositions beyond the ten (10) depositions per side limit.

6. No party will be prejudiced by leave to exceed deposition limits. In fact, the additional depositions will enable the Court and all parties to gather a more complete and accurate understanding of the facts underlying the instant litigation.

7. This motion is made in good faith and not for any purpose of undue delay.

8. Counsel for Maronda has conferred with Plaintiffs' counsel pursuant to Local Rule 3.01(g), who has agreed to Defendant's request for an extension of the deposition limit.

9. In addition, Defendant's Motion to exceed the number of deposition limits, the undersigned counsel would respectfully request a short case management conference hearing with Magistrate Judge Jones for the purpose of discussing the numerous witnesses listed by the Plaintiff

and how to appropriately manage the number of disclosed witnesses with the discovery process and for trial. Defendant proposes that the parties be required to disclose, as soon as possible, the witnesses that likely will be called for trial as opposed to those unlikely to be called at trial so that depositions can be reasonably limited prior to the discovery cutoff of December 4, 2009. Defendant estimates that this case management conference would last approximately 15 minutes. The undersigned would further represent that this has been discussed with Plaintiff's counsel and that Plaintiff's counsel is not willing to make this disclosure at this time and objects to a case management conference on this issue.

**WHEREFORE** Defendant Maronda Homes, Inc. of Florida respectfully requests that this Court grant it leave to exceed the deposition limitation of ten (10) depositions per side and for Magistrate Judge Jones to set, as soon as possible, a case management conference for the purposes set forth above.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCEED DEPOSITION LIMIT

Local Rule 3.02(b), which precludes the taking of more than ten depositions per side, absent prior permission of the Court, contemplates that there will be situations in which the number of depositions allowed should be enlarged. Furthermore, the Court has the inherent authority to allow departures from its Local Rules. *See Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1048 (2d Cir. 1991); *see also Wight v. BankAmerica Corporation*, 219 F.3d 79, 85 (2d Cir. 2000).

This is particularly true where the interests of justice are implicated. Maronda Homes, Inc. of Florida respectfully submits that the granting of leave to take more than ten (10) depositions per side is appropriate in this case because it will afford the Court and all parties a more complete and accurate understanding of the facts underlying the instant litigation. Furthermore, the rights of no party will be adversely affected by the relief sought.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court grant it leave to exceed the deposition limitation of ten (10) depositions per side and for Magistrate Judge Jones to set, as soon as possible, a case management conference for the purposes set forth above.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 30th day of October, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following: Danialle Riggins, Esquire, Riggins Law Firm, P.A., P.O. Box 830222, Ocala, Florida 34483.

s/Stephen T. Ball
STEPHEN T. BALL
Florida Bar No. 716121
stephen.ball@hklaw.com
Erin A. Webb
Florida Bar No. 0184039
erin.webb@hklaw.com
HOLLAND & KNIGHT LLP
200 S. Orange Avenue, Ste 2600
Post Office Box 1526
Orlando, FL 32802-1526
(407) 425-8500
(407) 244-5288 Facsimile
Attorneys for Defendant

# 8917391_v1