UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUANITA GIAKOUMAKIS, SHANA
HAWKINS, PATRICIA HOLIAN, JILL
MARTIN, and LYNETTE SAETTELE,

        Plaintiffs,

-vs-                                      Case No.  5:08-cv-487-Oc-10GRJ

MARONDA HOMES, INC., OF FLORIDA,

        Defendant.

_____

**O R D E R**

Plaintiffs Patricia Holian and Lynette Saettele[1] have filed a multi-count complaint (Doc. 14) against their former employer, Defendant Maronda Homes, Inc. of Florida ("Maronda"), alleging age and gender discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), and the Florida Civil Rights Act of 1992, Chapter 760, Fla. Stat. ("FCRA").  The case is presently before the Court for consideration of Maronda's Motion to Dismiss Plaintiffs' State Law Claims in the Second Amended Complaint, or Alternatively, Motion for Partial Summary Judgment (Doc. 18). The Plaintiffs have filed a timely response in opposition (Doc. 20).  The Court finds that the Motion is due to be denied.

---

[1] Plaintiffs Juanita Giakoumkis, Shana Hawkins, and Jill Martin have voluntarily dismissed all of their claims (Docs. 24, 29, 36), and the Court has previously entered judgment as to those Plaintiffs (Docs. 28, 31, 39).

**Standards of Review**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, ____ U.S. ____, 127 S.Ct. 1955 (2007). However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

Pursuant to Federal Rule of Civil Procedure 56(c)(2), the entry of summary judgment is appropriate only when the Court is satisfied that "the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In applying this standard, the Court must examine the materials on file and record evidence "in the light most favorable to the nonmoving party." Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). As the Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. Celetex, 477 U.S. at 324. See also Fed. R. Civ. P. 56(e)(2). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

## Discussion

Maronda seeks dismissal and/or summary judgment as to Holian's and Saettele's claims of discrimination and retaliation under the FCRA (Doc. 14, Counts V, VI, XIII, XIV, and XVIII) on the grounds that the Plaintiffs did not dual-file their charges with the Florida

Commission on Human Relations ("FCHR"). Rather, Maronda contends that the evidence is undisputed that Holian and Saettele only filed their charges with the EEOC and did not affirmatively direct the EEOC to also file the charges with the FCHR. Specifically, Maronda points to the fact that Holian and Saettele did not check the box on the EEOC charge form for FEPA (the EEOC's abbreviation for filing with the FCHR), and did not explicitly name the FCHR on the charge form.

Maronda rests its entire motion on <u>Armstrong v. Lockheed Martin Beryllium Corp.</u>, a 1997 decision from this District, in which the court dismissed all of the plaintiff's FCHR claims because the plaintiff did not affirmatively write the name of the specific state agency on the EEOC discrimination charge, or check the box for dual filing. 990 F. Supp. 1395 (M.D. 1997). The Court found the fact that the EEOC ultimately forwarded the charge on to the FCHR was irrelevant. <u>Id.</u> at 1400.

Since that decision, however, the Eleventh Circuit decided <u>Maynard v. Pneumatic Products Corp.</u>, 256 F.3d 1259 (11th Cir. 2001), in which the Court of Appeals held that in order to determine whether a plaintiff's charge filed with the EEOC also constitutes a filing with the FCHR, the Court must look to the language of the EEOC-FCHR's Worksharing Agreement.[2] 256 F.3d at 1263. <u>See</u> <u>also</u> <u>Thompson v. Orange Lake Country Club, Inc.</u>, 224 F. Supp. 2d 1368, 1375-76 (M.D. Fla. 2002). The Plaintiffs have submitted a copy of

---

[2] There is no dispute that Florida is a "deferral-state" which accepts charges alleging discrimination under both state and federal law, and works with the EEOC to investigate and resolve such charges. It is equally undisputed that the FCHR operated under a valid Worksharing Agreement with the EEOC at all times relevant to this case.

the applicable Worksharing Agreement, which provides in relevant part that: (1) the EEOC and FCHR both designate the other as its agent for the purpose of receiving, drafting, and filing charges, including those that are not jurisdictional with the agency that initially receives the charges; (2) for charges that are to be dual filed, each Agency will use EEOC Charge Form 5 to draft charges;[3] and (3) each Agency will initially process and/or investigate all charges that they originally receive. (Doc. 20-2). Thus, under the express terms of the Worksharing Agreement, by filing charges with the EEOC a plaintiff automatically commences proceedings with the FCHR as well. It is therefore clear that Holian and Saettele effectively dual-filed their charges with both Agencies. See Palisano v. City of Clearwater, 219 F. Supp. 2d 1249, 1252 n. 1 (M.D. Fla. 2002); Woodham v. Blue Cross and Blue Shield of Florida, Inc., 829 So. 2d 891, 893 n. 1 (Fla. 2002). See also Muldrow v. Florida, No. 204CV465FTM33SPC, 2005 WL 2012776 * 2 (M.D. Fla. Aug. 16, 2005).

The Court also notes that both of the Plaintiffs' EEOC Charges explicitly state "I want this charge filed with both the EEOC and the State or local Agency, if any." (Docs. 20-1, pp. 2-3). The Court concludes that this statement is sufficient to demonstrate that Holian and Saettele affirmatively directed the EEOC to also file their charges with the FCHR. And it is undisputed that the EEOC did in fact file these charges with the FCHR approximately

---

[3]It is undisputed that both Holian and Saettele filed their charges on an EEOC Charge Form 5.

5

one (1) week after they were initially filed with the EEOC.  (Docs. 20-4, pp. 4-6; 20-5, pp. 1-3).

### Conclusion

Accordingly, upon due consideration, Defendant Maronda Homes, Inc. of Florida's Motion to Dismiss Plaintiffs' State Law Claims in the Second Amended Complaint, or Alternatively, Motion for Partial Summary Judgment (Doc. 18) is DENIED.  The Clerk is directed to terminate as moot Maronda's duplicate motion to dismiss filed on the same day (Doc. 17).

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 12th day of February, 2010.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record